COMMONWEALTH *vs.* HATFIELD CROWTHER.

Bristol. Oct. 27, 1874. — Jan. 8, 1875. COLT & AMES, JJ., absent.

An indictment charged the defendant with being keeper on the Lord's day "of a certain house, shop and place of public entertainment and refreshment," and that he did then and there wilfully suffer certain persons "to abide and remain in said house, shop and place of business, drinking," &c. *Held*, that the words "of business" were surplusage, and that, rejecting them, a sufficient allegation remained that the offence was committed at the place before alleged.

An indictment charged the keeping of a house of public entertainment on the Lord's day in violation of law, and the suffering certain persons to abide therein, "said persons not being then and there travellers, strangers or lodgers in said house." *Held*, that this was a sufficient negative allegation of the exceptions in the St. of 1864, c. 79.

An indictment which alleges that the defendant on a day certain, the same being the Lord's day, at F. in the county of B. "kept a house of public entertainment," and

did then and there " suffer certain persons to abide and remain in said house," &c.,
in violation of law, sufficiently states the locality of the house where the offence
was committed.

INDICTMENT on the St. of 1864, *c.* 79, alleging " that Hatfield
Crowther of Fall River, in the county of Bristol, on the nine-
teenth day of July, in the year eighteen hundred and seventy-four,
the same being the Lord's day, at Fall River, in the county of
Bristol, was the keeper of a certain house, shop and place of pub-
lic entertainment and refreshment, and did then and there wil-
fully suffer certain persons whose names are to the jurors un-
known, to the number of twenty, to abide and remain in said
house, shop and place of business, drinking and spending their
time idly ; said persons not being then and there travellers,
strangers or lodgers in said house, shop and place of said business ;
and did then and there wilfully entertain said persons, to the said
number of twenty, in his said house, shop and place of said busi-
ness, against the peace of said Commonwealth and contrary to the
form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the de-
fendant moved to quash the indictment and assigned the follow-
ing causes therefor :

" 1. The defendant is charged as the keeper of a certain house,
shop and place of public entertainment and refreshment, and sub-
sequently in the same count, that said defendant did suffer cer-
tain persons whose names are to the jurors unknown, to abide and
remain in said house, shop and place of business, drinking, &c.,
when it is not previously set out that said defendant had any place
of business.

" 2. It does not appear by the allegation in said count that said
persons, alleged to be spending their time idly, were so spending it
in the aforesaid place of public entertainment and refreshment.

" 3. It is alleged that said persons in said place of business
were not travellers, strangers or lodgers, leaving the charge in-
definite whether they were either travellers, strangers or lodgers.

" 4. On account of the uncertainty, insufficiency and want of
direct and certain and consistent allegations in said indictment
against said defendant.

" 5. It does not appear in said indictment where said house,
shop and place of public entertainment and refreshment is sit-
uated, whether in the county of Bristol or elsewhere."

This motion was overruled by *Allen*, J., and the defendant alleged exceptions.

*L. Lapham*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. In the allegation of the indictment, which charges the keeping by the defendant of the premises wherein the offence was alleged to have been committed, it is averred to have been a " house, shop and place of public entertainment and refreshment ; " and in the second allegation, which charges that the defendant suffered certain persons on the Lord's day to abide and remain in " said house, shop and place of business drinking and spending their time idly," the words " of business " are not inconsistent with the words " of public entertainment and refreshment ; " they may therefore be rejected as surplusage, and there is still left a sufficient allegation that the defendant suffered persons so to abide and remain in the house, shop and place of public entertainment and refreshment before alleged to have been kept by him.

The negative allegation sufficiently states that the persons suffered thus to remain were neither travellers, strangers nor lodgers.

The locality of the " house, shop and place " was also sufficiently alleged. *Commonwealth* v. *Lamb*, 1 Gray, 493.

*Exceptions overruled.*